IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | Nos. 14-496-3 |
| NATHANIEL DA-MEIR COLES | : | 14-516-2 |

**McHUGH, J.**                                                                                         **March 31, 2021**

## MEMORANDUM OPINION

This is a motion for compassionate release under 18 U.S.C. § 3582. In separate criminal cases that were later consolidated for the purposes of sentencing, Petitioner Nathaniel Coles was convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine, and pleaded guilty to conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, and to unlawful use of a communication facility in furtherance of a drug felony. *See USA v. Dorsey et al.*, 14-0516; *USA v. Church et al.*, 14-0496. With an offense level of 37 and a criminal history Category of VI, he faced a guideline range of 360 months to life in prison.

The parties recommended, and the Court accepted, a sentence that reflected a substantial downward variance—a 240-month sentence of imprisonment and ten years' supervised release, running concurrently with a 120-month sentence of imprisonment and eight years' supervised release. Mr. Coles has served roughly one-third of that sentence. He now seeks early release due to both his own medical circumstances and those of his mother in light of the COVID-19 pandemic. ECF 182 and 301.

Having reviewed the record, and for the reasons stated below, the motion will be denied.

1

The statute requires "extraordinary and compelling reasons" in order to grant release. 18 U.S.C. § 3582 (c)(1)(A)(i). After reviewing Mr. Coles' motion, along with his medical records, I cannot say that his medical condition is one that rises to that level. *USA v. Church et al.*, 14-0496, ECF 301; Resp. Opp'n, Ex. A, ECF 305 and *USA v. Dorsey et al.*, 14-0516, ECF 182; Resp. Opp'n, Ex. A, ECF 186. Although Mr. Cole presents with two risk factors for potentially severe cases of COVID-19[1]—obesity and a history of smoking, his level of obesity is mild,[2] and his medical records do not reveal ailments associated with smoking, such as cancer or pulmonary problems.[3] ECF 186 and 305. Moreover, he is only thirty-eight years old, and has failed to provide evidence that he is not otherwise in good health.[4] *See United States v. Williams*, 2020 WL 4756743 (E.D. Pa. Aug. 17, 2020) (petitioner did not show extraordinary circumstances where prison did not have a significant number of positive COVID-19 cases, and where petitioner had mild obesity and asthma).

Nor has Mr. Coles shown that his 65-year-old mother, although struggling with health issues such as diabetes, requires immediate care. Mot. Comp. Release 1. ECF 182 and 301. Even

---

[1] CENTERS FOR DISEASE CONTROL AND PREVENTION, PEOPLE WITH CERTAIN MEDICAL CONDITIONS, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[2] Mr. Coles' height is five feet, eleven and half inches. His weight is 236 pounds, with a resulting BMI of 33.5. Mot. Comp. Release 2, ECF 182. Within a category of three classes, and with Class III being the most severe, Mr. Coles's BMI falls into Class I, the category of lowest severity. CENTERS FOR DISEASE CONTROL AND PREVENTION, DEFINING ADULT OVERWEIGHT AND OBESITY, https://www.cdc.gov/obesity/adult/defining.html.

[3] I note that Mr. Coles been in custody since 2014, and smoking has been banned from federal prison facilities since 2006. Resp. Opp'n Memo. 15, ECF 185. As noted by the Government, "[i]t is well established that the health risks presented by smoking drop . . . once a user quits and years pass." *Id.*; *see* CENTERS FOR DISEASE CONTROL AND PREVENTION, HEALTH EFFECTS OF CIGARETTE SMOKING, https://www.cdc.gov/tobacco/data_statistics/fact_sheets/health_effects/effects_cig_smoking/#reduced-risks.

[4] According to the Centers for Disease Control and Prevention ("CDC'), "more than 95% of COVID deaths occur in people older than 45." CENTERS FOR DISEASE CONTROL AND PREVENTION, PEOPLE WITH CERTAIN MEDICAL CONDITIONS, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

assuming that she does, Mr. Coles fails to demonstrate that he is the only suitable caregiver.[5] *See United States v. Neal*, No. 2:08-CR-00628-JMG-5, 2020 WL 5993290, at *4 (E.D. Pa. Oct. 9, 2020) (Gallagher, J.) (observing that "[a] defendant has the burden of establishing circumstances warranting his release"); *United States v. Moore*, 2020 WL 7024245 (E.D. Pa. Nov. 30, 2020) (Kearney, J.) (petitioner failed to demonstrate extraordinary circumstances where he had a younger sister and cousin otherwise capable of taking care of his mother). Having reviewed multiple decisions from many district judges, Mr. Coles' case falls well outside the matrix where release was granted.

Although Mr. Coles' fears about the pandemic are understandable, the Court of Appeals had made clear that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020). This Court is aware of the fluctuating situation at FCI Ray Brook, and that, as of February 2021, 131 inmates had reported positive since the start of the pandemic. Resp. Opp'n Memo. 7, ECF 185 and 304. However, at this point, there are no confirmed active cases amongst inmates, and only a single active case involving staff.[6] And I have previously detailed the comprehensive steps being taken by the Bureau of Prisons to combat COVID. *See United States v. Robinson,* 466 F. Supp. 3d 524 (E.D. Pa. 2020).

An analysis of all pertinent factors, including those set forth in 18 U.S.C. §3553(a), also weigh against release. Mr. Coles' offenses are serious—they involve two separate conspiracies

---

[5] Petitioner's assertion that he is the only son on whom his mother can rely is insufficient in this regard. Mot. Comp. Release 2.

[6] FEDERAL BUREAU OF PRISONS, COVID-19, https://www.bop.gov/coronavirus/ (last visited March 30, 2021).

to obtain large quantities of cocaine, and he has served little more than one-third of his sentence. He also has eight prior convictions, two of which were drug related, one that involved corrupting the morals of a child, and another that involved carrying a concealed weapon. Resp. Opp'n Memo. 18. ECF 185 and 304. That Mr. Coles has not committed a disciplinary infraction during his term of imprisonment is a positive sign, but it does not outweigh these other factors. Most fundamentally, it does not change the fact that he has failed to demonstrate "extraordinary and compelling" reasons for release at the outset.

      For these reasons, the motion will be denied.

                                                /s/ Gerald Austin McHugh
                                                United States District Judge