Mr. Nathaniel D. Coles
Reg. No. 71667-066
F.C.I. Ray Brook
Post Office Box 900
Ray Brook, New York 12977

March , 2021

Office of the Clerk
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, Pennsylvania 19105-1797

Re: <u>United States v. Nathaniel D. Coles</u>, Nos. 14-Cr-00596 (GAM)
　　　　　　　　　　　　　　　　　　　　　　　14-Cr-00516 (GAM)

Dear Sir/Madam:

　Please find enclosed one (1) original and two (2) copies of the undersigned Pro se Defendant's Reply to the Government's Opposition to his §3582(c)(1)(A) Motion.

　I have enclosed the extra copy so that it can be file-stamped by your office in order to have it returned to me in self addressed stamped envelope provided herein for my personal records, and to acknowledege receipt of the same.

　Thank you for your time and attention to this very important matter, and I look forward to hearing from your office soon.

　　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　　/s/ *Nathaniel D. Coles*
　　　　　　　　　　　　　　　　　　―――――――――――――――
　　　　　　　　　　　　　　　　　　Mr. Nathaniel D. Coles
　　　　　　　　　　　　　　　　　　Pro se Defendant

enc.

IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>NATHANIEL DA'MEIR COLES,<br><br>Defendant. | Crim. Case Nos. 14-Cr-00496<br>14-Cr-00516<br><br>United States District Judge<br>Honorable Gerald A. McHugh |

REPLY TO GOVERNMENT'S RESPONSE IN
OPPOSITION TO DEFENDANT'S §3582(c)(1)(A) MOTION

Comes Now, Nathaniel D. Coles, the undersigned Pro se Defendant, and files this reply to the government's response in opposition to hi smotion to reduce sentence pursuant to 18 U.S.C. §3582(c)(1)(A). In support of this Court rejecting the government's position that defendant's "motion should be denied," he states as follows based in law and fact.

As an initial matter, defendant respectfully seeks that this Honorable Court liberally construe his pleadings given his pro se status, which has been long recognized to allow for his filings to be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); see also, Fantone v. Latini, 780 F.3d. 184, 193 (3rd Cir. 2014).

The government begins to address the motion by recognizing that defendant's request is beased on two factors pertaining to both the medical concerns of his elderly ailing mother and himself. (See Government's Response in Opposition, p. 4; "hereafter, "G.R., p.__"). Thus, the government seeks this Court to reject defendant's request

- 1 -

due to a review of his medical records "from the past year from [the] BOP, [which] presumptively reveal that the defendant...is in good health." (Id.)

Clearly, absent from the government's position is evidence that the BOP has been found to be less than forhtcoming concerning its shortcomings in dealing with the coronavirus as a whole, and sin F.C.I. Ray Brook in particularly. (See Adirondack Daily Enterprise, March 24, 2020; "Correctional officer's union at F.C.I. Ray Brook Sounds The Alarm")(Guess Commentary of James Weldon. AFGE CPL 33, Local 3882 Union President for Employees at F.C.I. Ray Brook).

Moreover, it is important to point out that like medical facilities around the country, the medical department at F.C.I. Ray Brook ceased normal operations. In fact, it has been found that the BOP has destroyed inmate medical records in an attempt to down play and cover-up the extent of the coronavirus infections within its facilities. (See Prison Legal News, "Coronavirus in Prison: The Cruel Reality" by Christopher Zoukis).

Given these facts which are supported by irrefutable evidence, this Court should reject the government's stance "the medical records of the defendant for the past year from BOP,...reveal that defendant...is in good health." (G.R., p. 4)(emphasis mine). It must be further noted that the time frame the government relies on is the period during which the COVID pandemic (which is still ongoing) began. Furthermore, recent evidence from the F.C.I. Ray Brook Union President, demonstrates the weakness in the government's position concerning the "BOPs aggressive efforts hav[ing] been modestly successful thus far at FCI Ray Brook." (See Adirondack

Daily Enterprise, January 19, 2021)(stating, "'The information on the BOP's website is erroneous,' Weldon said. 'For some reason they were not updating it.' The BOP's neglient case reporting practices led to inaccurate data being given to the priess and the public in recent weeks not revealing the full scope of the virus outbreak").

The government appears to attempt to downplay defendant's reasons for seeking compassionate release based on his conduct of conviction. Although, this is permissible this Court must take into account the §3553(a) factors in light of this current global pandemic. Therefore, for the government to press upon defendant's assumable "danger to the community" for conduct that he has accepted responsibility for at sentencing.

Thus, viewing defendant's request for compassionate release must be taken in the context of the ongoing COVID pandemic. In taking this view, this Court must acknowledge defendant's compassionate release request is sought with expert concerns over new variants that are spreading. (See New York Times, February 24, 2021; Apoorva Mandavilli)(stating, "New form of the coronavirus is spreading rapidly in New York, and it carries a worrisome mutation that may weaken the effectiveness of vaccines, two teams of researchers have found. ...It's not particularly happy news, Said Michel Nussenzweig, an immunologist at Rockerfeller Universtiy who was not involved in the new research. ...Dr. Nussenzweig said he was more worried about the variant in New York than the one quickly spreading in California").

With the above before this Court, the government's position is significantly weakened and the factual basis for its position that defendant should be denied compassionate release is attentuated.

Additionally, it appears that the government attempts to couch defendant's prior offenses in the context of demonstrating he is a danger to the community. (G.R., p.18). Even though, in considering a request for compassionate release, a court is bound to review all petinent §3553(a) factors which includes the defendant's history the prior record in this case does not in and of itself lean significantly towards denial. This is because the judicial system in America is premised on the possibility of change after serving a long period of incarceration. See United States v. Clark, 2020 U.S. Dist. Lexis 105896 (S.D.Iowa July 17, 2020); see also, United States v. Ladson, 2020 U.S. Dist. Lexis 108557 (E.D.Pa. June 17, 2020)(A judge is more willing to grant compassionate release even when a defendant's prior offenses occurred long ago—even if "in light of repeated criminal activity"). Therefore, the fact defendant has served practically half his sentence,[1] coupled with the reality that this Court cannot undo the past, it is task with assessing defendant's current dangerousness. See e.g., Pepper v. United States, 562 U.S. 476, 492 (2011)(stating under §3553(a), "postsentencing conduct...sheds light on the likelihood the [defendant] will engage in future criminal conduct").

Importantly, it is statistically proven that as a person ages they are less likely to continue to engage in risky criminal behavior. Clearly, this factor is applicable to defendant as a man of close to 40 years old, especially where a study by the American Civil Liberties Union documents that fact that criminal activity

---

[1] The government recongizes that defendant has served eighty-seven (87) months of the two-hundred forty (240) months sentence he received, and calculating this amount of time served with GCT earned time credit, a federal prisoner in defendant's position is only required to serve approximately 17.5 years or roughly two-hundred ten (210) months of which defendant is only about 18 months shy of having half of his sentence complete.

- 4 -

drops sharply as people age.*

Moreover, defendant's desire to assist and care for his aging and ailing mother is further incentive to not involve himself in future criminal activity. In fact, although the government argues that "defendant's desire to care for a parent is not sufficient to obtain the extraordinary remedy he seeks[;]" (G.R., p. 16), courts have made clear that its authority that determines the 'extraordinary and compelling reasons" which support granting a federal prisoner compassionate release. See e.g., United States v. McCoy, 981 F.3d. 271, 278 (4th Cir. 2020)(stating courts retain discretionary authority to "define the contours" of the extraordinary and compelling reasons for relief under §3582(c)(1)(A)); see asloe.g., United States v. Adeyemi, 2020 U.S. Dist. Lexis 117743 *LX 37 (E.D.Pa. July 6, 2020)(recognizing Congress's omission concerning the BOP Director from being the one who determines "extraordinary and compelling reasons" demonstrates if did not seek to limit a court's authority under §3582(c)(1)(A)).

Even assuming without conceding, that "Defendant's desire to care for [his mother]" who he has shown on its face is experiencing seriously ailing health conditions, is not sufficient" on its own— in combination with other factors raised would satisfy granting the

* Rearrest Rate of Recidivism Study Offenders by Criminal History Category and Age at Release



defendant the relief he seeks under the §3553(a) factors.

In sum, this Court should appoint counsel in this instance so that this pro se defendant may utilize legal assistance in fully expressing his request for compassionate release consistent with the principles of due process. See <u>Mathews v. Eldridge,</u> 424 U.S. 319, 333 (1976)(establsihing that a fundamental requirement of due process is having the opportunity to be heard in a meaningful time and manner). It is beyond doubt, that Congress implemented the First Step Act to allow prisoners the ability to seek compassionate release, amongst other things to assure fairness long withheld from segments of the prisoner population. Furthermore, appointing an attorney to assist defendant in clearly and concisely placing before this Court additional evidence and arguments supporting his entitlement to full consideration for compassionate release.

Wherefore, this Pro se Defendant prays that this Honorable Court reject the government's opposition to his motion for reduction in sentence pursuant to §3582(c)(1)(A), and/or appoint cousel so that defendant can meet his burden of demonstrating entitlement to the relief he seeks; and grant any and all other relief if deems just and proper in the interest of fairness and justice.

Respectfully submitted,

/s/ *Nathaniel D. Coles*

Mr. Nathaniel D. Cole
Pro se Defendant
Reg. No. 71667-066
F.C.I. Ray Brook
Post Office Box 900
Ray Brook, New York 12977

## CERTIFICATE OF SERVICE BY MAIL

I, Nathaniel D. Coles, hereby certify that a true and complete copy of the foregoing Reply to the Government's Opposition to his Motion for Compassionate Release pursuant to 18 U.S.C. 3582(c)(1)(A) has been Given to prison officials for mailing, first class postage prepaid, and sent to:

> Office of the U.S. Attorney
> Eastern District of Pennsylvania
> 615 Chestnut Street, Ste. 1250
> Philadelphia, Pennsylvania
> 19106-4476

On this 22 day of March, 2021, pursuant to 28 U.S.C. §1746.

/s/ *Nathaniel D. Coles*
Mr. Nathaniel D. Coles
Pro se defendant
Reg. No. 71667-066
F.C.I. Ray Brook
Post Office Box 900
Ray Brook, New York  12977

MR GREGORY MILTON
REG NO 04717-084
F C I RAY BROOK
POST OFFICE BOX 900
RAY BROOK   NEW YORK   12977

FCI RAY BROOK
P.O. BOX 300 RAY BROOK, NEW YORK
DATE ___4/6/21___

"The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer enclosed correspondence for forwarding to another addressee, please return the enclosed to the above address."

LEGAL MAIL

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
601 MARKET STREET
PHILDELPHIA  PENNSYLVANIA  19105

U.S.M.S.
X-RAY